[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14065
Non-Argument Calendar
_____

D.C. Docket No. 2:97-cr-00319-LSC-TMP-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MORRIS MITCHELL PARHAM,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(August 28, 2012)

Before HULL, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Morris Mitchell Parham appeals his 40-month sentence imposed upon revocation of his supervised release, pursuant to 18 U.S.C. § 3583(e)(3).  On appeal, Parham argues that his 40-month sentence, which is above the advisory guidelines range, is substantively unreasonable.  After review, we affirm.

"Under 18 U.S.C. § 3583(e), a district court may, upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, revoke the term of supervised release and impose a term of imprisonment after considering certain factors set forth in 18 U.S.C. § 3553(a)."  United States v. Sweeting, 437 F.3d 1105, 1107 (11th Cir. 2006).[1]  The district court must consider the policy statements in Chapter 7 of the Sentencing Guidelines, one of which provides recommended, non-binding ranges of imprisonment.  United States v. Silva, 443 F.3d 795, 799 (11th Cir. 2006).

Here, the parties do not dispute that, with a Grade B violation and a criminal history category of VI, Parham's recommended guidelines range under advisory Chapter 7 was 21 to 27 months' imprisonment.  See U.S.S.G. § 7B1.4(a).  Because

---

[1]The relevant § 3553(a) factors the court must consider are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to afford adequate deterrence; (3) the need to protect the public; (4) the need to provide the defendant with educational or vocational training or medical care; (5) the guidelines range and pertinent policy statements of the Sentencing Commission; (6) the need to avoid unwanted sentencing disparities; and (7) the need to provide restitution to victims. See 18 U.S.C. § 3583(e) (cross referencing 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7)).

Parham was on supervised release for a Class A felony, the statutory maximum sentence upon revocation was five years' imprisonment. See 18 U.S.C. § 3583(e)(3).

We review a sentence imposed upon revocation of supervised release for reasonableness, using the deferential abuse-of-discretion standard. United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008). The party challenging the sentence has the burden to show it is unreasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). We will vacate a sentence only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation marks omitted).[2]

Here, Parham has not shown that his 40-month sentence was substantively unreasonable. Parham has a long history of criminal activity, including numerous convictions for possession of marijuana. Parham's underlying conviction was for possession with intent to distribute 106.8 grams of cocaine base. Specifically, in

---

[2]Parham does not challenge the district court's finding that he violated the terms of his supervised release or argue that the district court committed any procedural error.

3

1996, police officers in Bessemer, Alabama stopped Parham's car to arrest him for a felony probation violation and found three bags of crack cocaine on his person. After pleading guilty, Parham was sentenced to 151 months' imprisonment, followed by five years' supervised release.[3]

In May 2008, Parham began his period of supervised release, one condition of which was to refrain from illegally possessing a controlled substance. Just over three years later, on July 27, 2011, Parham was arrested for possession of marijuana and cocaine. The drugs, which a Bessemer, Alabama police officer found in Parham's car, were packaged into seven bags of marijuana and four bags of cocaine, i.e, packaged individually for sale. Although Parham testified at the revocation hearing that he did not own the drugs or know they were in the car and denied he was a drug dealer, the district court discredited his testimony, finding that Parham had "obviously gone back to dealing drugs." Parham does not challenge this finding on appeal.

In imposing a 40-month sentence, the district court noted Parham's criminal history as a drug dealer who "had a hundred something grams of crack cocaine with [him] the last time" the police stopped him in Bessemer. In light of Parham's

---

[3]In April 2008, the district court granted Parham's 18 U.S.C. § 3582(c)(2) motion for a sentence reduction and reduced his sentence to "time-served."

4

"past history of dealing in drugs before" and his "having drugs that obviously were packaged for sale," the district court concluded that a sentence within the advisory guidelines range was not sufficient.

Although Parham's 40-month sentence is thirteen months above the advisory guidelines range, it is below the five-year statutory maximum. Given Parham's long history of drug offenses and his return to drug dealing only three years after his release from prison, we cannot say the district court's decision to vary upward was unreasonable.

**AFFIRMED.**